**PROSKAUER ROSE LLP**
GREGORY W. KNOPP (SBN 237615)
LAURA L. VAUGHN (SBN 329470)
DAVID R. GOBEL (SBN 348117)
gknopp@proskauer.com
lvaughn@proskauer.com
dgobel@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:  310-557-2900
Facsimile:   310-557-2193

Attorneys for Defendants
Tapestry, Inc., Kate Spade LLC and Stuart Weitzman IP LLC (erroneously sued as Stuart Weitzman LLC)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AYALA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TAPESTRY, INC.; KATE SPADE LLC dba KATE SPADE NEW YORK; STUART WEITZMAN LLC; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 3:24-cv-01052-BAS-DEB<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF CARLOS AYALA'S COMPLAINT**<br><br>Date Action Filed:  May 10, 2024<br><br>(removed from *San Diego County Superior Court, Case No. 37-2024-00021725-CU-OE-CTL*) |

## ANSWER TO COMPLAINT

Defendants Tapestry, Inc., Kate Spade LLC, and Stuart Weitzman IP, LLC (erroneously sued as Stuart Weitzman LLC) hereby answer the numbered paragraphs of the Complaint filed by Plaintiff Carlos Ayala ("Plaintiff") as set forth below. Any allegation in the Complaint that is not expressly admitted below is denied.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff seeks to bring this lawsuit as a class action on behalf of the individuals identified in Paragraph 1, but deny that the definition of the putative class is appropriate or that this lawsuit may be maintained as a class action. Defendants deny the remaining allegations of Paragraph 1.

2. In response to Paragraph 2, Defendants admit that Tapestry, Inc. ("Tapestry") is a luxury fashion company that does business in California. Defendants deny the remaining allegations of Paragraph 2.

3. In response to Paragraph 3 of the Complaint, Defendants admit the allegations therein.

4. In response to Paragraph 4 of the Complaint, Defendants admit that Stuart Weitzman IP, LLC ("Stuart Weitzman IP") is a corporate subsidiary of Tapestry, Inc. and a luxury shoe company that does business in California. Defendants deny the remaining allegations of Paragraph 4.

5. In response to Paragraph 5 of the Complaint, Defendants admit that Plaintiff makes the described allegations in this action, but deny that those allegations have merit or that Defendants engaged in any violations of the California Labor Code or Industrial Welfare Commission ("IWC") Wage Orders. Defendants deny the remaining allegations of Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Defendants deny each and every allegation therein.

7. In response to Paragraph 7 of the Complaint, Defendants admit that Plaintiff seeks the described relief but deny that he is entitled to any such relief.

## JURISDICTION AND VENUE

8. In response to Paragraph 8 of the Complaint, Defendants admit that Plaintiff seeks to bring this lawsuit as a class action under California law, but deny that it may be maintained as such. Paragraph 8 also contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

9. Paragraph 9 of the Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that the Superior Court of San Diego has jurisdiction over the action at this time because it has been removed to federal court.

10. Paragraph 10 of the Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that the Superior Court of San Diego has jurisdiction over Defendants at this time because the action has been removed to federal court.

11. Paragraph 11 of the Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that the Superior Court of San Diego is a proper venue at this time because the action has been removed to federal court.

## THE PARTIES

12. In response to Paragraph 12 of the Complaint, Defendants admit the allegations therein.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Tapestry, Inc. is a corporation and that Kate Spade LLC ("Kate Spade IP") and Stuart Weitzman IP, LLC are limited liability companies and that they do business in California. Paragraph 13 also contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

14. In response to Paragraph 14 of the Complaint, Defendants are without sufficient information to admit or deny Plaintiff's knowledge regarding other fictitious defendants, or what actions Plaintiff may take with respect to those defendants. Defendants deny the remaining allegations in Paragraph 14.

15. Paragraph 15 of the Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

16. Paragraph 16 of the Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

17. Paragraph 17 of the Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

18. In response to Paragraph 18 of the Complaint, Defendants deny each and every allegation therein.

## CLASS ACTION ALLEGATIONS

19. In response to Paragraph 19 of the Complaint, Defendants admit that Plaintiff seeks to bring this lawsuit as a class action under California law on behalf of the identified individuals, but deny that it may be maintained as such or that Defendants committed any violations of the Labor Code, Business and Professions Code, or IWC Wage Orders and deny the remaining allegations in Paragraph 19.

20. In response to Paragraph 20 of the Complaint, Defendants admit that Plaintiff's class action claims arise under California law and that Plaintiff seeks relief authorized by California and federal law, but deny that the lawsuit may be maintained as a class action or that Plaintiff is entitled to any such relief and deny the remaining allegations in Paragraph 20.

21. In response to Paragraph 21 of the Complaint, Defendants admit that Plaintiff seeks to certify the putative class as described, but deny that the definition of

the putative class is appropriate or that this lawsuit may be maintained as a class action and deny the remaining allegations in Paragraph 21.

22. In response to Paragraph 22 of the Complaint, Defendants admit that Plaintiff seeks to certify the putative class as described, but deny that the definition of the putative class is appropriate or that this lawsuit may be maintained as a class action and deny the remaining allegations in Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Defendants admit that the Complaint refers to members of the class as "Class Members" but deny that Plaintiff's claims may be properly maintained as a class action and deny the remaining allegations in Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Defendants admit that this lawsuit has been brought as a class action but deny that it may be maintained as such. Defendants deny the remaining allegations in Paragraph 24.

25. Paragraph 25 of the Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein. With respect to the subparagraphs of Paragraph 25, Defendants respond as follows:

   a. In response to subparagraph (a), Defendants admit that the putative class as defined contains more than 100 individuals. The remaining allegations contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.
   b. Subparagraph (b) contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.
   c. In response to subparagraph (c), Defendants are without sufficient information to admit or deny the allegations regarding the

qualifications, competence, and experience of Plaintiff's counsel. Defendants deny the remaining allegations of Paragraph 25(c).

d. In response to subparagraph (d), Defendants deny the allegations therein.

e. Subparagraph (e) does not contain any factual allegations relevant to this action that require a response.  To the extent a response is required, Defendants deny the allegations therein.

## GENERAL ALLEGATIONS

26. In response to Paragraph 26 of the Complaint, Defendants Stuart Weitzman IP and Kate Spade IP deny the allegations therein. Defendant Tapestry admits allegations therein.

27. In response to Paragraph 27 of the Complaint, Defendants Stuart Weitzman IP and Kate Spade IP deny the allegations therein. Defendant Tapestry admits the allegations therein.

28. In response to Paragraph 28 of the Complaint, Defendants admit that it retains attorneys and other professionals to advise on the requirements of California law.

29. In response to Paragraph 29 of the Complaint, Defendants deny each and every allegation therein.

30. In response to Paragraph 30 of the Complaint, Defendants deny each and every allegation therein.

31. In response to Paragraph 31 of the Complaint, Defendants deny each and every allegation therein.

32. In response to Paragraph 32 of the Complaint, Defendants deny each and every allegation therein.

33. In response to Paragraph 33 of the Complaint, Defendants deny each and every allegation therein.

34. In response to Paragraph 34 of the Complaint, Defendants deny each and every allegation therein.

35. In response to Paragraph 35 of the Complaint, Defendants deny each and every allegation therein.

36. In response to Paragraph 36 of the Complaint, Defendants deny each and every allegation therein.

37. In response to Paragraph 37 of the Complaint, Defendants deny each and every allegation therein.

38. In response to Paragraph 38 of the Complaint, Defendants deny each and every allegation therein.

39. In response to Paragraph 39 of the Complaint, Defendants deny each and every allegation therein.

40. In response to Paragraph 40 of the Complaint, Defendants deny each and every allegation therein.

## **FIRST CAUSE OF ACTION**

41. In response to Paragraph 41 of the Complaint, Defendants incorporate their responses set forth above.

42. Paragraph 42 of the Complaint contains legal statements about California Labor Code Sections 1194 and 1197. To the extent a response is required, Defendants refer to Sections 1194 and 1197 for their terms.

43. In response to Paragraph 43 of the Complaint, Defendants deny each and every allegation therein.

44. In response to Paragraph 43 of the Complaint, Defendants deny each and every allegation therein.

45. In response to Paragraph 45 of the Complaint, Defendants deny each and every allegation therein.

46. In response to Paragraph 46 of the Complaint, Defendants deny each and every allegation therein.

## SECOND CAUSE OF ACTION

47. In response to Paragraph 47 of the Complaint, Defendants incorporate their responses set forth above.

48. Paragraph 48 of the Complaint contains legal statements about California Labor Code Section 1198 and the IWC Wage Orders. To the extent a response is required, Defendants refer to Section 1198 and the Wage Orders for their terms.

49. Paragraph 49 of the Complaint contains legal statements about the IWC Wage Orders. To the extent a response is required, Defendants refer to the Wage Orders for their terms.

50. Paragraph 50 of the Complaint contains legal statements about the IWC Wage Orders. To the extent a response is required, Defendants refer to the Wage Orders for their terms.

51. Paragraph 51 of the Complaint contains legal statements about California Labor Code Section 510. To the extent a response is required, Defendants refer to Section 510 for its terms.

52. Paragraph 52 of the Complaint contains legal statements about California Labor Code Section 510 and the IWC Wage Orders. To the extent a response is required, Defendants refer to Section 510 and the Wage Orders for their terms.

53. In response to Paragraph 53 of the Complaint, Defendants deny each and every allegation therein.

54. In response to Paragraph 54 of the Complaint, Defendants deny each and every allegation therein.

55. In response to Paragraph 55 of the Complaint, Defendants deny each and every allegation therein.

56. In response to Paragraph 56 of the Complaint, Defendants deny each and every allegation therein.

57. In response to Paragraph 57 of the Complaint, Defendants deny each and every allegation therein.

## THIRD CAUSE OF ACTION

58. In response to Paragraph 58 of the Complaint, Defendants incorporate their responses set forth above.

59. Paragraph 59 of the Complaint contains legal statements about California Labor Code Section 226.7. To the extent a response is required, Defendants refer to Section 226.7 for its terms.

60. Paragraph 60 of the Complaint contains legal statements about Section 11 of the IWC Wage Orders. To the extent a response is required, Defendants refer to Section 11 of the Wage Orders for their terms.

61. Paragraph 61 of the Complaint contains legal statements about California Labor Code Section 512(a). To the extent a response is required, Defendants refer to Section 512(a) for its terms.

62. Paragraph 62 of the Complaint contains legal statements about California Labor Code Section 512(a). To the extent a response is required, Defendants refer to Section 512(a) for its terms.

63. In response to Paragraph 63 of the Complaint, Defendants deny each and every allegation therein.

64. Paragraph 64 of the Complaint contains legal statements about California Labor Code Section 226.7(b) and Section 11 of the IWC Wage Orders. To the extent a response is required, Defendants refer to Section 226.7(b) and Section 11 of the IWC Wage Orders for their terms.

65. In response to Paragraph 65 of the Complaint, Defendants deny each and every allegation therein.

66. In response to Paragraph 66 of the Complaint, Defendants deny each and every allegation therein.

## FOURTH CAUSE OF ACTION

67. In response to Paragraph 67 of the Complaint, Defendants incorporate their responses set forth above.

68. Paragraph 68 of the Complaint contains legal statements about California Labor Code Section 226.7(a). To the extent a response is required, Defendants refer to Section 226.7(a) for its terms.

69. Paragraph 69 of the Complaint contains legal statements about Section 12 of the IWC Wage Orders. To the extent a response is required, Defendants refer to Section 12 of the IWC Wage Orders for their terms.

70. In response to Paragraph 70 of the Complaint, Defendants deny each and every allegation therein.

71. Paragraph 71 of the Complaint contains legal statements about Labor Code Section 226.7(b) and Section 12 of the IWC Wage Orders. To the extent a response is required, Defendants refer to Section 226.7(b) and Section 12 of the IWC Wage Orders for their terms.

72. In response to Paragraph 71 of the Complaint, Defendants deny each and every allegation therein.

73. In response to Paragraph 73 of the Complaint, Defendants deny each and every allegation therein.

**FIFTH CAUSE OF ACTION**

74. In response to Paragraph 74 of the Complaint, Defendants incorporate their responses set forth above.

75. Paragraph 75 of the Complaint contains legal statements about California Labor Code Section 204. To the extent a response is required, Defendants refer to Section 204 for its terms.

76. In response to Paragraph 76 of the Complaint, Defendants deny each and every allegation therein.

77. In response to Paragraph 77 of the Complaint, Defendants deny each and every allegation therein.

78. In response to Paragraph 78 of the Complaint, Defendants deny each and every allegation therein.

## SIXTH CAUSE OF ACTION

79. In response to Paragraph 79 of the Complaint, Defendants incorporate their responses set forth above.

80. Paragraph 80 of the Complaint contains legal statements about California Labor Code Sections 201 and 202. To the extent a response is required, Defendants refer to Sections 201 and 202 for their terms.

81. In response to Paragraph 81 of the Complaint, Defendants deny each and every allegation therein.

82. In response to Paragraph 82 of the Complaint, Defendants deny each and every allegation therein.

83. Paragraph 83 of the Complaint contains legal statements about California Labor Code Section 203. To the extent a response is required, Defendants refer to Section 203 for its terms.

84. In response to Paragraph 84 of the Complaint, Defendants deny each and every allegation therein.

## SEVENTH CAUSE OF ACTION

85. In response to Paragraph 85 of the Complaint, Defendants incorporate their responses set forth above.

86. Paragraph 86 of the Complaint contains legal statements about California Labor Code Section 2800. To the extent a response is required, Defendants refer to Section 2800 for its terms.

87. Paragraph 87 of the Complaint contains legal statements about California Labor Code Section 2802. To the extent a response is required, Defendants refer to Section 2802 for its terms.

88. Paragraph 88 of the Complaint contains legal statements about California Labor Code Section 2802. To the extent a response is required, Defendants refer to Section 2802 for its terms.

89. Paragraph 89 of the Complaint contains legal statements about Labor Code Section 2804. To the extent a response is required, Defendants refer to Section 2804 for its terms.

90. In response to Paragraph 90 of the Complaint, Defendants deny each and every allegation therein.

91. In response to Paragraph 91 of the Complaint, Defendants deny each and every allegation therein.

92. In response to Paragraph 92 of the Complaint, Defendants deny each and every allegation therein.

93. In response to Paragraph 93 of the Complaint, Defendants deny each and every allegation therein.

## EIGHTH CAUSE OF ACTION

94. In response to Paragraph 94 of the Complaint, Defendants incorporate their responses set forth above.

95. Paragraph 95 of the Complaint contains legal statements about California Labor Code Section 226(a). To the extent a response is required, Defendants refer to Section 226(a) for its terms.

96. In response to Paragraph 96 of the Complaint, Defendants deny each and every allegation therein.

97. In response to Paragraph 97 of the Complaint, Defendants deny each and every allegation therein.

98. Paragraph 98 of the Complaint contains legal statements about California Labor Code Section 226(a). To the extent a response is required, Defendants refer to Section 226(a) for its terms.

99. In response to Paragraph 99 of the Complaint, Defendants deny each and every allegation therein.

100. In response to Paragraph 100 of the Complaint, Defendants deny each and every allegation therein.

## NINTH CAUSE OF ACTION

101. In response to Paragraph 101 of the Complaint, Defendants incorporate their responses set forth above.

102. In response to Paragraph 102 of the Complaint, Defendants deny each and every allegation therein.

103. In response to Paragraph 103 of the Complaint, Defendants deny each and every allegation therein.

104. Paragraph 104 of the Complaint contains legal statements about California Business and Professions Code section 17200. To the extent a response is required, Defendants refer to Business and Professions Code section 17200 for its terms.

105. In response to Paragraph 105 of the Complaint, Defendants deny each and every allegation therein.

106. In response to Paragraph 106 of the Complaint, Defendants deny each and every allegation therein.

107. In response to Paragraph 107 of the Complaint, Defendants deny each and every allegation therein.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief, including paragraphs 1-15, inclusive, is not an allegation requiring a response. Insofar as any portion of Plaintiff's prayer for relief is construed to require a response, Defendants deny that Plaintiff is entitled to any of the requested relief.

## JURY DEMAND

Defendants deny that Plaintiff is entitled to a jury trial on any issues not triable of right by a jury.

Without waiving or excusing the burden of proof of Defendants, or admitting that Defendants have any burden of proof or that any of the following are "affirmative" defenses, Defendants hereby assert the following defenses:

# DEFENSES

## FIRST DEFENSE

(Failure to State a Cause of Action)

The Complaint, and each purported cause of action contained therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

(Statute of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff seeks relief for conduct occurring outside the applicable statute of limitations.

## THIRD DEFENSE

(Estoppel)

The Complaint, and each purported cause of action contained therein, is barred to the extent the alleged actions of Defendants or their agents were a result of conduct by Plaintiff for which he cannot equitably seek recovery against Defendants.

## FOURTH DEFENSE

(Good Faith)

Plaintiff is barred from relief because Defendants and their agents acted in good faith at all times and had reasonable grounds to believe that no violation of any applicable law, statute, and/or regulation occurred.

## FIFTH DEFENSE

(No Willfulness)

The Complaint, and each purported cause of action contained therein, is barred because Defendants and their agents alleged conduct was not willful.

## SIXTH DEFENSE

(No Knowing or Intentional Conduct)

The Complaint, and each purported cause of action contained therein, is barred because Defendants' alleged wage statement violations were not knowing or intentional.

### SEVENTH DEFENSE
(Alleged Work Not Compensable)

The Complaint, and each purported cause of action contained therein, is barred to the extent the alleged "work" Plaintiff and putative class members performed for Defendants was not compensable as a matter of law.

### EIGHTH DEFENSE
(No Knowledge)

The Complaint, and each purported cause of action contained therein, is barred because Defendants had no knowledge of any uncompensated "work" performed by Plaintiff or putative class members.

### NINTH DEFENSE
(De Minimis Doctrine)

The Complaint, and each purported cause of action contained therein, is barred to the extent the *de minimis* doctrine applies to Plaintiff's claims.

### TENTH DEFENSE
(Waiver of Meal And Rest Breaks)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff waived his right to take meal and/or rest breaks pursuant to the Labor Code and/or the applicable wage order.

### ELEVENTH DEFENSE
(Meal And Rest Breaks Provided)

The Complaint, and each purported cause of action contained therein, is barred because Defendant provided meal and rest breaks, as required by law.

## TWELFTH DEFENSE

(No Injury)

The Complaint, and each purported cause of action contained therein, is barred to the extent it seeks damages or penalties for allegedly inaccurate wage statements, because Plaintiff suffered no injury from the alleged failure to provide properly itemized wage statements.

## THIRTEENTH DEFENSE

(Standing)

Defendants are informed and believe, and on that basis alleges, that Plaintiff lacks the requisite standing to assert each purported cause of action in the Complaint.

## FOURTEENTH DEFENSE

(Compliance with Statute)

The Complaint, and each purported cause of action contained therein, is barred because at all times Defendants complied and/or substantially complied with all applicable statutes, regulations, and laws.

## FIFTEENTH DEFENSE

(Waiver and Release)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff, and any purported class members he seeks to represent, waived their right to recovery and/or released their claims against Defendants, whether in whole or in part, and whether individually or in a class action settlement and/or release agreement.

## SIXTEENTH DEFENSE

(Adequate Remedy)

Plaintiff's claims for equitable and/or injunctive relief, including but not limited to claims under section 226 of the California Labor Code, are barred because Plaintiff, and any purported class members she seeks to represent, have an adequate remedy at law.

## SEVENTEENTH DEFENSE

(Expenses Not Necessary or Reasonable)

The Complaint, and each purported cause of action contained therein related to the reimbursement of expenses, is barred to the extent that all or part of the expenses for which Plaintiff and/or any putative class member seeks compensation were not necessary or reasonable.

## EIGHTEENTH DEFENSE

(Exemption)

The Complaint, and each purported cause of action contained therein , is barred because  Plaintiff and the putative class member were properly classified as exempt from California's overtime and break requirements.

## NINETEENTH DEFENSE

(No Employment Relationship)

The Complaint, and each purported cause of action contained therein, is barred on the grounds that Defendants Kate Spade LLC and Stuart Weitzman IP, LLC (erroneously sued as Stuart Weitzman LLC)did not employ Plaintiff or any purported class members he seeks to represent.

## TWENTIETH DEFENSE

(Class Certification Requirements Not Met)

Defendants are informed and believes, and on that basis alleges, that this action does not meet the requirements for class action treatment.

## TWENTY-FIRST DEFENSE

(Failure to Mitigate)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff or any alleged employee he purports to represent failed to mitigate the injury or damages alleged in the Complaint.

## TWENTY-SECOND DEFENSE

(Paid All Sums)

The Complaint, and each purported cause of action contained therein, is barred because Defendants have paid Plaintiff and putative class members all sums due to them.

## TWENTY-THIRD DEFENSE

(Frivolous Claims)

The Complaint, and each purported cause of action contained therein, is barred to the extent it was not brought in good faith and is frivolous. Accordingly, Defendants are entitled to recover their reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to the Court's inherent authority and California Code of Civil Procedure § 128.7.

## TWENTY-FOURTH DEFENSE

(Claim and Issue Preclusion)

The Complaint, and each purported cause of action contained therein, is barred by the doctrines of claim preclusion and/or issue preclusion.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to add additional defenses as they become known during the course of this litigation.

WHEREFORE, Defendants pray for judgment as follows:

That Plaintiff takes nothing by the Complaint;

That the Complaint be dismissed with prejudice;

For judgment in favor of Defendants;

For attorney's fees and costs of suit herein; and

For such other and further relief as the Court may deem proper and just.

Dated: June 24, 2024                     PROSKAUER ROSE LLP

By:   */s/Gregory W. Knopp*
    Gregory W. Knopp
    Attorneys for Defendants
    Tapestry, Inc., Kate Spade LLC and
    Stuart Weitzman IP LLC (erroneously
    sued as Stuart Weitzman LLC)