# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AYALA,<br><br>                          Plaintiff,<br><br>     v.<br><br>TAPESTRY, INC.,<br><br>                          Defendant. | Case No. 24-cv-1052-BAS-BJW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br>**(ECF No. 39)** |

Presently before the Court is Plaintiff Carlos Ayala's motion for class certification. (ECF No. 39.)

Plaintiff's complaint alleges several California Labor Code violations against Defendants Tapestry, Inc., Kate Spade, LLC, and Stuart Weitzman IP, LLC. (ECF No. 1-2, Ex. A.) Omitting the reimbursement of business expenses claim, Defendants previously moved for partial summary judgment on an affirmative defense; namely, that Plaintiff is exempt from the California Labor Code as an "executive" employee. (SJ Mot. 1:8–9, ECF No. 34.) The Court granted Defendants' partial motion for summary judgment. (ECF No. 49.)

Given that all other California Labor Code claims have been decided as a matter of law, the only remaining claim for class certification is the reimbursement of business expenses claim. Upon review, the Court **DENIES** the motion for class certification.

24cv1052

## I.  BACKGROUND

Plaintiff started work for the fashion brand Coach as an "associate store manager" in October 2015. (Ayala Dep. 18:12–13, 35:22–24, ECF No. 34-1, Ex. A.) In December 2019, he was promoted to "store manager." (*Id*. 38:13–18.) In that capacity, Plaintiff was the highest-ranking employee on site. (*Id*. 68:25–69:3.) Plaintiff left Coach in June 2023. (*Id*. 52:4–9.)

Defendant Tapestry, Inc. has approximately 40 Coach stores in California, including more than 15 retail stores and more than 25 outlet stores. (Crespo Decl. ¶ 3, ECF No. 41-2.) The annual sales volume for California stores ranges from $1 million to $30 million. (*Id*. at ¶ 4.) Since October 1, 2019, Defendant has employed 96 individuals in exempt positions in Coach stores in California. (Lebe Decl. ¶ 13, ECF No. 39-3.)

At the time of Plaintiff's employment, Defendant did not provide Coach store managers with a work phone, (Ayala Dep. 174:9–12, ECF No. 39-3, Ex. 8), but Defendant has since provided work phones for such managers, (DiMaso Decl. ¶ 18, ECF No. 41-1).

## II.  LEGAL STANDARD

To obtain class certification, a plaintiff must satisfy several requirements under Federal Rule of Civil Procedure 23. Fed. R. Civ. P. 23. First, a plaintiff must satisfy all four requirements of Rule 23(a): (1) *Numerosity*: "the class is so numerous that joinder of all members is impracticable," (2) *Commonality*: "there are questions of law or fact common to the class," (3) *Typicality*: "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (4) *Adequacy*: "the representative parties will fairly and adequately protect the interests of the class." *Id*.

Next, a plaintiff must satisfy at least one subdivision of Rule 23(b). *Id*. As relevant here, Rule 23(b)(3) requires a showing of (1) *Predominance*: "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) *Superiority*: "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id*. And

24cv1052

Rule 23(b)(3) provides four considerations to reason through predominance and superiority. *Id.*[1]

After conducting a "rigorous analysis" of the requirements, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (citation omitted), the court is afforded "broad discretion" to certify the class, *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), opinion amended on denial of reh'g, 273 F.3d 1266 (9th Cir. 2001). While the court does not decide the merits at class certification, *see Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465 (2013), the plaintiff must prove—not just plead—each requirement, *see Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014).

A plaintiff seeking class certification carries the burden of proof. *See Zinser*, 253 F.3d at 1186. And the court uses a "preponderance of the evidence" standard. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664–65 (9th Cir. 2022).

## III.   ANALYSIS

The only viable claim for class certification is California Labor Code § 2802(a), reimbursement of business expenses. The section states, in relevant part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties[.]" Cal. Lab. Code § 2802(a).

Plaintiff seeks to certify "The Business Expense Reimbursement Class" defined as: "All current and former retail employees of Defendants in the state of California who were classified as exempt from May 10, 2021, through the resolution of this matter." (Not. ¶

---

[1] These four considerations under Rule 23(b)(3) state:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

24cv1052

1(f), ECF No. 39.) Plaintiff is the only class representative. (*Id*. at ¶ 2; Ayala Decl. ¶ 2, ECF No. 39-2.)

The Court first determines whether Plaintiff satisfies the prerequisites of Rule 23(a), then addresses whether common questions of law or fact predominate under Rule 23(b)(3).

### A. Satisfaction of Rule 23(a) Factors

The Court first considers commonality under Rule 23(a). Commonality requires at least some "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). But one cannot satisfy the element by simply stating common questions. *See Dukes*, 564 U.S. at 349–50. Instead, the district court must determine "whether the evidence establishes that a common question is *capable* of class-wide resolution." *Olean*, 31 F.4th at 666–67 (emphasis in original); *see also Hanlon v. Chrysler Corp*. 150 F.3d 1011, 1019 (1998) ("All questions of fact and law need not be common to satisfy the rule, […] shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").

Here, Plaintiff offers Defendants' practice of failing to reimburse employees for personal phone use. (Mot. 22:3–5, ECF No. 39.) In other words, the common question of fact that Plaintiff distills is the lack of reimbursement. Although Plaintiff's commonality argument could be reinforced with other common threads, the Court finds Plaintiff has provided at least one common question of fact that is capable of class-wide resolution. *See, e.g.*, *Hardwick v. Hoovestol, Inc*., No. cv 20-7505-DMG (MAAx), 2022 WL 4596592, at *7 (C.D. Cal. Sept. 12, 2022) (noting that employer did not reimburse employees for personal cellphone use on the job thus the indemnification subclass "has established that they share a common injury and a common question that is conducive to classwide adjudication").

Accordingly, Plaintiff has satisfied the requirement of commonality. Given that the Court ultimately denies the motion and Defendants' opposition brief limits its arguments to disputing commonality, (Opp'n 8:9, ECF No. 41), the Court assumes, for purposes of its analysis, that the other Rule 23(a) elements have also been met.

24cv1052

**B.      Satisfaction of Rule 23(b)(3)**

The Court next considers predominance under Rule 23(b)(3).[2] Predominance means that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The Rule 23(b)(3) predominance analysis recognizes the existence of common issues of fact or law pursuant to the Rule 23(a)(2) commonality analysis, thus, moving the inquiry further, "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022. Put differently, the predominance inquiry asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

As discussed, Plaintiff identifies only one common question of fact common to class members: Defendants' failure to reimburse employees for personal phone use. (Mot. 22:3–5.) But Plaintiff does not point to a uniform policy or a potential plan for common proof in support. And Plaintiff does not provide "representative evidence" that "each class member could have relied on […] to establish liability if he or she had brought an individual action," for example. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 454–55, 450 (2016) (relying on a study performed by Dr. Mericle, an industrial relations expert, who "conducted 744 videotaped observations and analyzed how long various donning and doffing activities took" and then "averaged the time taken in the observations to produce an estimate of 18 minutes a day for the cut and retrim departments and 21.25 minutes for the kill department" in a wage and hour suit). Defendant has submitted eleven declarations from Coach exempt employees—both general and store managers—that reflect inconsistent personal phone use, and all may not be "necessary." One manager declares, "I occasionally used my personal cell phone to check my emails when I was outside the store or to text with coworkers about schedule changes." (DeRose Decl. ¶ 18, ECF No. 41-1, Ex. 2.) Another manager states, "I would use my personal phone outside of the store to text my team

---

[2] The Court notes that Plaintiff has only alleged satisfaction of Rule 23(b)(3) in the motion for class certification. (Mot. 12:6–21, ECF No. 39.)

members individually, or check various work apps on my phone." (Gill Decl. ¶ 23, ECF No. 41-1, Ex. 5.) Someone else attests, "I would use my personal phone to communicate with my District Manager or with my team members via text or email while outside of the store." (Mugleston Decl. ¶ 21, ECF No. 41-1, Ex. 8.) And still another states, "I did not communicate with my team when they were not at work." (Hawkins Decl. ¶ 18, ECF No. 41-1, Ex. 6.)

Further, there are 96 exempt Coach employees across 40 Coach stores marked by varying degrees of profitability and size, giving rise to distinct demands and supervisory structures. (Crespo Decl. ¶¶ 3, 4; Lebe Decl. ¶ 13); *cf. Tyson*, 577 U.S. at 459 ("[I]n this case each employee worked in the same facility, did similar work, and was paid under the same policy."). In light of the lack of common proof and the variation across potential class members, the Court finds individual factual issues will predominate.

Moreover, several district courts have denied class certification for personal phone use under § 2802(a) on grounds of either commonality or predominance. *See, e.g.*, *Hale v. Brinker Int'l, Inc.*, 765 F. Supp. 3d 904, 919 (N.D. Cal. 2025) (denying class certification for reimbursement of personal phone use because the "plaintiffs have failed to allege that Brinker had a uniform policy or practice requiring that" employees use personal phones to make schedule change arrangements); *Uschold v. Carriage Servs., Inc.*, No. 17-cv-04424-JSW, 2020 WL 1466172, at *13 (N.D. Cal. Mar. 6, 2020) (denying class certification for reimbursement of personal phone use because the class "would include sales staff from nearly three dozen locations in California" which gives rise to individual inquiries "on a variety of factors specific to the physical set up of each office," and "[i]ndividual Plaintiffs [] espoused different reasons for using their cell phones over landlines").[3]

---

[3] *See also Dugan v. Ashley Furniture Indus., Inc.*, No. SA cv 16-1125-PA (FFMx), 2016 WL 9173459, at *4 (C.D. Cal. Nov. 29, 2016) (denying class certification for reimbursement of personal phone use because "determination of necessity would require inquiry into […] the number of phones at the specific store, the number of phones being occupied at the time of the call, and the motivation of the individual Sales Associate in making the call on his or her personal cell phone instead of a store phone"); *Hardwick*, 2022 WL 4596592, at *9 (denying class certification for reimbursement of personal phone use on predominance because, although "the record does show that there are some required tasks for which

24cv1052

Plaintiff cites to two cases where a court granted class certification for reimbursement of business expenses. First, Plaintiff cites *James v. Uber Technologies Inc.*, but *Uber* is distinguishable. 338 F.R.D. 123 (N.D. Cal. 2021). Relevant to the reasoning in *Uber*, the California Court of Appeal in *Cochran v. Schwan's Home Services, Inc.*, found liability under § 2802 for *mandatory* personal phone use. 228 Cal. App. 4th 1137, 1140 (2014) ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them."). And it is not possible to be an Uber driver without a phone. *See O'Connor v. Uber Techs., Inc.*, 311 F.R.D. 547, 567 (N.D. Cal. 2015), rev'd and remanded, 904 F.3d 1087 (9th Cir. 2018) ("[P]hone expenses are plainly required for every Uber driver, as it would be impossible to be an Uber driver without these items."). Here, Plaintiff provides no evidence that employees must use their personal phones to work as Coach employees. In the second case Plaintiff cites to, the plaintiff could point to "a general policy that requires distributors to obtain their own vehicle and insurance, as set forth in the standard [Distributer Agreement] signed by all distributors." *Ludlow v. Flowers Foods, Inc.*, No. 18-cv-1190-JO-JLB, 2022 WL 2441295, at *7 (S.D. Cal. July 5, 2022). Here, Plaintiff does not raise any company policy for support. In light of the numerous cases denying class certification under similar factual circumstances, the Court fails to see persuasive reasoning to justify granting class certification.

---

[the provided ELD communication system] cannot be used" Plaintiff "did not provide evidence that the ELD system ever malfunctions or is unusable for any reason, or that the use of personal cellphones is not completely a personal preference with respect to these tasks," so that individual issues predominate); *Galvan v. First Student Mgmt., LLC*, No. 18-cv-07378-JST, 2022 WL 20016825, at *10 (N.D. Cal. Aug. 23, 2022) (denying class certification for reimbursement of personal phone use even though three of five declarations from class members suggested the "[d]efendants were aware that employees were incurring unreimbursed business expenses" because the plaintiff "offer[ed] no way of determining when, or to what extent, class members incurred unreimbursed business expenses"); *cf. Castro v. ABM Indus., Inc.*, 325 F.R.D. 332, 341 (N.D. Cal. 2018), modified, No. 17-cv-3026-YGR, 2018 WL 2197527 (N.D. Cal. May 14, 2018) (granting class certification of a narrowed class given that the plaintiffs offered an ABM Work Rule which requires employees to "[o]bey work orders of Supervisors" and "[p]erform the work assigned and follow instructions" upon penalty of "disciplinary action, up to and including termination" to show that using a personal phone to respond to supervisors was "necessary").

24cv1052

In conclusion, Plaintiff has failed to satisfy predominance and thus cannot satisfy Rule 23(b)(3) to warrant class certification.

## IV.   CONCLUSION

Accordingly, the Court **DENIES** the motion for class certification on the reimbursement of business expenses claim. (ECF No. 39.) This case remains open, as Plaintiff can bring the reimbursement of business expenses claim on an individual basis. The Court **ORDERS** the parties to contact the magistrate judge **on or before February 17, 2026**, for a revised scheduling order with pretrial and trial dates.

**IT IS SO ORDERED.**

**DATED: February 6, 2026**

_____

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

24cv1052